J-S19010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVIER ROSADO | : | |
| | : | |
| Appellant | : | No. 2420 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000758-2023

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JUNE 17, 2025**

Javier Rosado appeals from the judgment of sentence imposed on July 10, 2024, for his convictions of robbery, robbery of motor vehicle, theft by unlawful taking, receiving stolen property, terroristic threats, false imprisonment, and unauthorized use of automobiles.[1] Rosado challenges the discretionary aspects of the sentence imposed, claiming the trial court imposed an unreasonable sentence. Finding the only issue waived and without merit, we affirm.

We briefly recount the factual history obtained from the certified record. On December 22, 2022, the victim, Jessenia Santiago, was dropping off her son and some holiday items at her son's daycare in Allentown, Pennsylvania.

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3702(a), 3921(a), 3925(a), 2706(a)(1), 2903(a), and 3928(a), respectively.

Upon leaving the daycare and returning to her car, she observed a man, later identified as Rosado, standing nearby. Santiago entered the driver's seat of her car, but Rosado prevented her from closing the door as he shoved himself between her and the door. Rosado then pushed Santiago into the passenger seat. Rosado told Santiago that if she screamed, he would shoot her. Rosado started driving away. Santiago tried to open the passenger door to flee, but Rosado grabbed the door and held it closed. Santiago started kicking Rosado, causing him to hit a parked car. When he did so, he released the passenger door and Santiago was able to open it. However, Rosado grabbed Santiago by her leg. Santiago continued to struggle, freed her leg, and fell from the moving vehicle.

Santiago ran back to the daycare and called police. Ultimately, she was transported to the hospital for treatment. Police were able to locate the vehicle, but not Rosado. Upon speaking with police, Santiago provided a description of her assailant and informed police her Apple AirPods were attached to her keys. Apple AirPods have a tracking feature that allows the owner to track their AirPods both with GPS and, if within a close proximity, a beeping noise. With the assistance of Santiago, police located her AirPods the next day in a parked car at a McDonald's in Allentown. Two people were inside the parked car. Initially, they lied to police about how they obtained the AirPods. Eventually, they told police they obtained the AirPods from Rosado.

Police were further able to confirm Rosado as the perpetrator through city cameras and civilian cameras in the area around the daycare and the location the stolen vehicle had been found. These videos were played for the jury at trial. Finally, police constructed a photo array and provided it to Santiago. Santiago quickly identified Rosado as her assailant.

Rosado proceeded to a jury trial and was convicted of the above offenses. On July 10, 2024, the trial court sentenced Rosado to an aggregate 17 to 42 years' incarceration. Specifically, the trial court ran three sentences consecutive: (1) 10-20 years' incarceration for robbery, (2) 6-20 years' incarceration for robbery of a motor vehicle, and (3) 1-2 years' incarceration for false imprisonment. The remaining convictions either merged or the trial court imposed no further penalty.

Rosado filed a timely post-sentence motion arguing the verdict was against the weight of the evidence and requesting reconsideration of his sentence, asserting the pre-sentence investigation ("PSI") report incorrectly calculated his prior record score ("PRS").[2] The trial court denied the motion and Rosado timely appealed. Rosado complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Rosado raises one issue for our review:

_____

[2] Rosado has not raised either of these issues on appeal. They are therefore waived. ***See Commonwealth v. McGill***, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding abandoned claim waived on appeal).

- 3 -

Are the sentences imposed by the [t]rial [c]ourt upon [Rosado] for the commission of the offenses of robbery and robbery of a motor vehicle, one being at the top of the aggravated [g]uideline range and the other being in excess of the aggravated [g]uideline range, to be served consecutively, unreasonable and an abuse of discretion, requiring that they be vacated in accord with 42 Pa.C.S.A. § 9781(c)?

Appellant's Brief, at 5.

This is a challenge to the discretionary aspects of sentencing. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Reid**, 323 A.3d 26, 29 (Pa. Super. 2024) (citation omitted). There is a four-part test Rosado must meet to invoke this Court's jurisdiction:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Id.** (brackets and citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Lawrence**, 313 A.3d 265, 284 (Pa. Super. 2024) (citations omitted).

The Commonwealth argues Rosado's claim is waived, as it was not presented to the trial court. **See** Appellee's Brief, at 12-13. The Commonwealth concedes Rosado filed a post-sentence motion but points out that the argument raised in his post-sentence motion does not match his argument on appeal. **See id.** We agree.

In Rosado's post-sentence motion, he solely argued for a lesser sentence because he believed his PRS was calculated incorrectly. **See** Post-Sentence Motion, 7/22/24, at 4 (pagination added for ease of reference). Rosado abandoned this claim on appeal and now solely argues the sentence imposed was unreasonable. **See** Appellant's Brief, at 5, 17, 23-24. As this claim was not raised with the trial court, we find it waived. **See Lawrence**, 313 A.3d at 284.

Even if not waived, Rosado would not be entitled to relief. Our standard of review is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A.] 9781(c) and (d). Subsection 9781(c) provides:
>
> > The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the guidelines and the sentence is unreasonable.

42 Pa.C.S.[A.] § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation (PSI).

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.[A.] § 9781(d).

*Id.* at 285-86 (citation and brackets omitted).

Furthermore, in cases where the trial court had the benefit of a PSI, we must

presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubts as to our intention of engaging in an effort of legal purification, we state clearly that

- 6 -

sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Reid*, 323 A.3d at 31 (citation omitted).

Here, the trial court had the benefit of a PSI. Because Rosado did not preserve his claim that the sentence imposed is unreasonable, we do not have the benefit of the trial court's written opinion discussing its decision. However, we do have the transcript from sentencing, which sheds light on the trial court's decision:

The [trial c]ourt has read the PSI, all of its attachments, has listened to [c]ounsel's arguments, has listened to the victim's statement and has sat through a jury trial and heard all the facts in this case.

Before the [trial c]ourt is a 43-year-old male who refused to provide any further information to the Probation Department. What we do know is that he has a very violent history here, as outlined partly by the Commonwealth and going into further detail in the PSI. He has, at least for the last 20 years, been violent to others.

When he is out in the community, he cannot be supervised. When he is in jail, he commits misconduct after misconduct after misconduct, eleven in total as we sit here now. He has admitted gang affiliations and is, in th[e trial c]ourt's opinion, the true definition of a danger to the community. And so the [trial c]ourt will be imposing aggravated range sentences in this case for the following reasons:

One, the severity of this offense. Three days before Christmas, the victim in this case was dropping her child off at a daycare so that he could celebrate his Christmas party. And she brought party items and brought them into the school. As she walked back to her car, the defendant approached, no doubt waiting in the corner, watching her as she came to the car, forced her into the vehicle even though she kept saying take the car, take the car.

She fought for her life as he pulled away, and she fought hard. And it was a battle in that car for her to keep her life. She kicked and finally pried the door open and flung herself out of a moving vehicle. You can see on the video her head barely missing other parked cars on that street. And so as she fought for her life in that car, she could have very well lost it as she flung herself out of that car.

The defendant abandons the car at some point, and so the [trial c]ourt finds this particularly disturbing because the aim wasn't to steal the car necessarily. The aim was the victim and to take the victim and do whatever it was that he wanted to do. And so that huge question mark that is left after trial as to what his intention was in that car is extremely disturbing. The target was her.

The second reason is because of the impact to the victim. I watched her sit in this courtroom eloquently explaining what happened to her, however trembling throughout her testimony. The fear, the anxiety, the discomfort was clearly there months later.

As [the trial court] sat here today and the [trial c]ourt listened to her impact statement today, she still trembles. She's still crying as [the trial court] speak[s] now. She is clearly impacted severely by this offense. No doubt the trial has impacted her as she said. And she continues to be in therapy because of it.

Third is, again, the history of violence which has been outlined already.

And four, is, as [the trial court previously] stated, the danger we have here to the community. This was a very cold, calculated offense by an individual with a history of violence and no true explanation.

N.T. Sentencing, 7/10/24, at 20-22.

After the trial court imposed its sentence, it provided more reasons supporting the aggravated ranges imposed:

> The sentence of total confinement is additionally ordered for the following reasons:
>
> The criminal conduct of the defendant caused harm to others, the nature and circumstances of the criminal conduct of the defendant showed disregard for the safety of the community, the defendant's previous history, there is undue risk that during a period of probation the defendant will commit another crime based on his record, the defendant is in need of correctional rehabilitation that can be most effectively [provided] by his commitment to an institution, a lesser sentence would depreciate the seriousness of the crime, and confinement is more likely to contribute to the rehabilitation of the defendant.

*Id.* at 24-25.

We find no abuse of discretion. Rosado had the opportunity to provide mitigating factors to the trial court but refused to cooperate with the preparation of the PSI. The trial court took into consideration the need to protect the public, the gravity of this offense, the impact on the victim and the community, and defendant's rehabilitative needs. *See* 42 Pa.C.S.A. § 9781(b). The trial court detailed its reasons for the sentence imposed on the record, and we find those reasons support the imposition of consecutive sentences.

We remind Rosado that "it is well settled that defendants convicted of multiple criminal offenses are not entitled to a volume discount on their aggregate sentence." *Lawrence*, 313 A.3d at 287 (citations and footnote omitted). Rosado's actions that day created a lasting impact on his victim, and

he showed no remorse for his actions. The trial court appropriately considered his prior record of violent offenses and continuing refusal to cooperate with authority in his 11 misconducts while in prison awaiting trial on this case. We therefore find that even if not waived, Rosado would not be entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/17/2025